# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **JASON MORGAN VINSON,** | : | |
| | :[1] | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 5:24-CV-63-TES-CHW |
| | : | |
| **MERRICK GARLAND,** *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **ORDER**

*Pro se* Petitioner Jason Morgan Vinson has filed a document that was docketed as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2241 (ECF No. 1). He also paid the $5.00 filing fee in this action. On April 17, 2024, the Court ordered Petitioner to recast his Petition on the Court's standard habeas corpus form. Petitioner was given fourteen (14) days from the date of that order to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, Apr. 17, 2024, ECF No. 4.

The time for compliance has now passed without a response from Petitioner. The failure to fully and timely comply with an order of the Court is grounds for dismissal. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case). As such, Petitioner is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why his lawsuit should not be dismissed

---

[1] The Court's previously entered Order to Show Cause (Doc. 5) is hereby **WITHDRAWN AND VACATED**, and the present ordered substituted.

for failure to comply with the Court's previous orders and instructions. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to respond.

Petitioner must also comply with the Court's April 17th Order by recasting his Petition on the Court's standard form within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. As he is doing so, Petitioner should explain to the Court why the "savings clause" of 28 U.S.C. § 2255 allows him to raise his claims in this § 2241 petition.

Petitioner seeks the "dismiss[al] of all charges" against him in this action. Pet. 1, ECF No. 1. "A prisoner typically collaterally attacks the validity of his federal sentence by filing a [28 U.S.C.] § 2255 motion in the district of conviction." *Johnson v. Warden*, 551 F. App'x 489, 490 (11th Cir. 2013) (per curiam). If a prisoner fails to seek or has already been denied relief on a § 2255 motion, however, the "savings clause" of § 2255 may permit the prisoner to raise his claims in a petition filed under 28 U.S.C. § 2241. *Id.* The savings clause requires a prisoner to show "that a § 2255 motion would be 'inadequate or ineffective' to test the legality of his detention." *Id.* To show that § 2255 is "inadequate or ineffective" under the savings clause, "(1) the prisoner must present a retroactively applicable Supreme Court decision; and (2) that decision must have overturned circuit precedent that resolved his claim in a way that prevented him from bringing it at trial, on appeal, or in his first § 2255 motion." *Id.* at 490-91.

As best as the Court can tell, Petitioner was arrested in September of 2020 on suspicion of shoplifting at a local Walmart. Pet. 4, ECF No. 1. Although law enforcement "found no stolen items on [Petitioner's] person or possession," they did find a semi-automatic pistol, which Petitioner contends he "possessed . . . for protection." *Id.*

Petitioner was indicted and pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See generally* Indictment, June 9, 2021, ECF No. 1 in *United States v. Vinson*, Case No. 5:21-cr-00035-MTT-CHW-1 (M.D. Ga. June 9, 2021) ("*Vinson I*"); Plea Agreement, Sept. 2, 2021, ECF No. 24 in *Vinson I*.

Petitioner appears to challenge this conviction on three grounds. First, Petitioner contends that the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), establishes that he was improperly convicted of a "non-existent offense." Pet. 2, ECF No. 1. Second, Petitioner appears to allege that his conviction violated his Second Amendment rights under *Bruen* and *District of Columbia v. Heller*, 554 U.S. 570 (2008), particularly because "the law and history shows that a convicted felon may possess a firearm and ammunition for self-defense." *Id.* at 4. Third, Petitioner contends his Fourth Amendment and due process rights were violated in connection with the detention and search that led to the discovery of the weapon he was convicted of possessing. *Id.* at 6.

Petitioner does not appear to have filed a § 2255 petition raising these issues, presumably because he waived all rights to collaterally attack his conviction and sentence under § 2255 (other than his right to bring a claim for ineffective assistance of counsel). Plea Agreement 4, Sept. 2, 2021, ECF No. 24 in *Vinson I*. The voluntary waiver of the right to bring a § 2255 motion does not demonstrate that § 2255 is inadequate or ineffective under the savings clause. *Johnson*, 551 F. App'x at 491. Although Petitioner expressly mentions the savings clause with respect to his initial claims under *Bruen*, it is not clear

how or whether Petitioner is contending the savings clause applies to each of his remaining claims. As he is recasting his Petition, Petitioner should therefore explain how the savings clause applies to permit him to collaterally attack his conviction pursuant to § 2241.

To reiterate, Petitioner shall have **FOURTEEN (14) DAYS** to (1) respond and show cause why this case should not be dismissed for failure to comply with the Court's orders and instructions and (2) recast his Petition on the Court's standard § 2241 form in accordance with the instructions set forth above. **Failure to fully and timely comply with this Order will likely result in the dismissal of Petitioner's application for failure to comply.** Petitioner is also instructed to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 31st day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge